UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

vs.

CURTIS LEE WOODS, JR.,
    Defendant.

Case Nos.:   1:19cr36/AW/MAL
             1:21cv103/AW/MAL

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255,[1] ECF No. 47. The Government responded in opposition (ECF No. 50) and Defendant did not file a reply, despite having been afforded the opportunity to do so. After review of the record and relevant law, the undersigned finds Defendant has not met his burden of showing he is entitled to relief and recommends the § 2255 motion be denied without an evidentiary hearing. *See* Rules Governing Section 2255 Cases 8(a) and (b).

---

[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

## I.    BACKGROUND

On September 24, 2019, a federal grand jury charged Defendant with knowingly possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). ECF No. 14. On January 28, 2020, represented by Darren Johnson, Esq. of the Office of the Federal Public Defender, Defendant entered a guilty plea pursuant to a written plea agreement. ECF Nos. 33-35.

The Second Revised Final Presentence Investigation Report (PSR) calculated Defendant's advisory sentencing guidelines range at 151 to 188 months. ECF No. 42, PSR at ¶ 78. This range became 120 months due to the application of the statutory maximum sentence pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2). PSR ¶s 77, 78. On June 30, 2020, in accordance with this range, the district court sentenced Defendant to 120 months' imprisonment. Judgment was entered on July 8, 2020, (ECF No. 45, 46), and nothing further was filed until Defendant timely filed the instant motion under 28 U.S.C. § 2255 in June of 2021.

Defendant purports to raise four grounds for relief in his motion, two claims of ineffective assistance of counsel and two other constitutional claims based on the Thirteenth and Eighth Amendments respectively. Three of Defendant's claims contain no factual support. Thus, in an order dated June 7, 2021, the Court warned

Defendant that Grounds Two through Four contained insufficient information for the Court to determine whether relief was warranted, and it afforded him the opportunity to file an amended motion to correct the deficiencies. ECF No. 48. Defendant did not respond, and the Court served the motion, as filed. ECF No. 49. The Government filed a response in opposition to the motion.

## II.    ANALYSIS

### A. Standard for §2255 Motions

A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.   See 28 U.S.C. ' 2255(a). "Relief under 28 U.S.C. ' 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) his attorney's representation fell below "an objective standard of reasonableness," and (2) a reasonable probability exists that, but for counsel's

unprofessional conduct, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

A "§ 2255 movant 'bears the burden to prove the claims in his § 2255 motion.'" *Beeman v. United States,* 871 F.3d 1215, 1222 (11th Cir. 2017) *(quoting Rivers v. United States,* 777 F.3d 1306, 1316 (11th Cir. 2015)); *LeCroy v. United States,* 739 F.3d 1297, 1321 (11th Cir. 2014); *Barnes v. United States,* 579 F.2d 364, 366 (5th Cir. 1978) (holding that a § 2255 movant has "the burden of showing that he was entitled to relief"). This burden entails a secondary "burden to allege and prove facts which would entitle him to relief." *Coon v. United States,* 441 F.2d 279, 280 (5th Cir. 1971). "In other words, the district court cannot grant relief in a § 2255 proceeding unless the movant meets his burden of showing that he is entitled to relief . . . ." *In re Moore,* 830 F.3d 1268, 1273 (11th Cir. 2016).

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015); *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance of counsel warrants an evidentiary hearing. *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege "reasonably specific, non-conclusory facts that, if true, would entitle him to relief." *Griffith v. United States*, 871 F. 3d 1321, 1329 (11th Cir. 2017). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *See Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004). Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

B. <u>Defendant's Claims</u>

    1. <u>Ineffective assistance of counsel—Ground One</u>

Defendant's first claim is counsel failed to explain "the knowingly requirements that applies to the status element, that the Defendant knew that the possession was in, or affecting interstate or foreign commerce." ECF No. 47 at 4. To the extent Defendant suggests counsel was constitutionally ineffective for not explaining that the Government was required to prove he knew the firearm he possessed had traveled in or affected interstate or foreign commerce, he is mistaken.

There is no authority for the proposition that the knowledge requirement of the statute applies to the jurisdictional requirement of having a nexus to interstate or foreign commerce. Quite the contrary. It is true that generally, "courts interpret criminal statutes to require that a defendant possess a mens rea, or guilty mind, as to every element of an offense." *Torres v. Lynch*, 578 U.S. 452, 467 (2016) (citation omitted). However, "the existence of the fact that confers federal jurisdiction need not be one in the mind of the actor at the time he perpetrates the act made criminal by the federal statute." *Id.* at 468 (citation omitted); *Rehaif v. United States*, 139 S. Ct. 2191, 2196 (2019) (jurisdictional elements have nothing to do with the wrongfulness of the defendant's conduct and "are not subject to the presumption in

favor of scienter.") (citing *Torres,* 578 U.S. at 468). The Supreme Court went on to

say in *Torres* that "courts have routinely held that a criminal defendant need not

know of a federal crime's interstate commerce connection to be found guilty."

*Torres*, 578 U.S. at 468 (citations omitted). The commerce element is markedly

distinct from, and subject to a different rule than, the elements describing the

substantive offense. *Id.*

Therefore, Defendant's assertion that counsel was constitutionally ineffective

is without merit. In fact, counsel would have performed deficiently if he had advised

Defendant as Defendant now claims he should have. Defendant is not entitled to

relief.

2.  Constitutional Claims—Grounds Two, Three and Four

Defendant's Grounds Two, Three, and Four are bereft of factual support. In

Ground Two, Defendant cites the Fifth Amendment and states "ineffective

assistance of counsel," without providing any additional facts in support. In Grounds

Three and Four he claims he was not "duly convicted" under the Thirteenth and

Eighth Amendments respectively. Again, the claims lack any factual support.

Because Defendant did not file a direct appeal, the transcripts of the

rearraignment and sentencing proceedings are not available. However, after

reviewing the plea documents and the Presentence Investigation Report the undersigned can discern no basis for Defendant's claims. He has not met his burden of showing he is entitled to relief. *See Beeman,* 871 F.3d at 1222 (movant has the burden of alleging facts that if proven would entitled him to relief).

## III.    CONCLUSION

An evidentiary hearing is not necessary to resolve Defendant's claims because "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877. For the foregoing reasons, the court finds that Defendant has not shown that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit. Therefore, his motion should be denied in its entirety.

## IV.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.    The motion to vacate, set aside, or correct sentence (ECF No. 47) be **DENIED**.

2.    A certificate of appealability be **DENIED**.

At Gainesville Florida on August 7, 2023.

*s/ Midori A. Lowry*
**MIDORI A. LOWRY**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.